[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-14631
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-07545-CV-WJZ

RICHARD COTTONE, as personal representative
of the Estate of Peter Anthony Cottone, Jr.,
PETER COTTONE, SR.,

Plaintiffs-Appellants,

versus

KENNETH C. JENNE, II, individually and in
his official capacity as Sheriff of Broward
County, Florida,
BROWARD COUNTY SHERIFF'S OFFICE,
JOHN DOES, individually and in their official
capacity as directors and/or supervisors of
the North Broward Detention Center,
JOHN AND JANE DOES, individually and in their
official capacity as Deputy Sheriffs and/or
Correction Officers of the Broward County
Sheriff's Office,
JOSEPH D'ELIA,
GEORGE WILLIAMS, individually and in his
official capacity as Deputy Sheriff and/or
Correction Officer of the Broward County
Sheriff's Office, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(July 30, 2008)**

Before ANDERSON, HULL and SILER,[*] Circuit Judges.

PER CURIAM:

This is the second appeal of this 42 U.S.C. § 1983 case, which arises out of the death of Peter Cottone, Jr. while he was detained at the North Broward Detention Center in Broward County, Florida.  Another inmate, Widnel Charles, strangled Cottone, Jr. to death in the mental health unit of the Detention Center, and Cottone, Jr.'s estate sued, inter alios: (1) Kenneth C. Jenne, II, in his official capacity as the Sheriff of Broward County; (2) Deputy Joseph D'Elia and Deputy George Williams, the deputy sheriffs on duty in the mental health unit at the time of Cottone, Jr.'s murder, in their individual and official capacities; (3) EMSA Correctional Care, Inc., a Florida Corporation that contracted with the Sheriff's Office to provide health care to inmates; and (4) Andrew Perfilio, M.D., Maurice Waldman, M.D., and Nurse Elma McKenzie, two doctors and a nurse employed by

_____

[*]The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

EMSA and each of whom treated or oversaw treatment of inmate Charles. In essence, Cottone, Jr.'s estate asserted that each defendant violated Cottone Jr.'s constitutional rights by acting with deliberate indifference to a known substantial risk of serious harm to Cottone, Jr. while he was incarcerated at the Detention Center.

After our partial reversal and remand in <u>Cottone v. Jenne</u>, 326 F.3d 1352 (11th Cir. 2003), in which we determined that certain defendants were entitled to qualified immunity while others were not, there was a two-week jury trial as to the four groups of defendants listed above (collectively, the "defendants-appellees"). At the close of plaintiff-appellant Richard Cottone's case-in-chief, the district court granted all of the defendants-appellees' motions for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The district court also subsequently entered a twenty-nine page order outlining in detail the basis of its Rule 50 rulings.

Plaintiff-appellant Richard Cottone timely filed this appeal, arguing that the district court erred by: (1) granting judgment as a matter of law to the defendants-appellees; (2) excluding certain expert testimony and other evidence; and (3) denying his motion to amend his complaint to conform to the trial evidence.

After oral argument and thorough review of the record, we find no reversible

error in the district court's rulings. Accordingly, we affirm the district court's

entry of judgment as a matter of law in favor of the defendants-appellees.

**AFFIRMED.**